UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL L. SNOWDEN,<br><br>              Plaintiff,<br><br>        v.<br><br>W. SULLIVAN, *et al.*,<br><br>              Defendants. | Case No.: 1:20-cv-00415-NONE-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 22) |

Plaintiff Daniel L. Snowden is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to dismiss, filed January 15, 2021.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's first amended complaint against Defendants Angel Ribera and Jerrick Block for deliberate indifference in violation of the Eighth Amendment.

On January 15, 2021, Defendants filed the instant motion to dismiss. Plaintiff did not file an opposition and the time to do so has expired. Local Rule 230(l).

///

///

1

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The pleading standard under Rule 8 of the Federal Rules of Civil Procedure does not require " 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. To avoid a dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply. First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief. Starr, 652 F.3d at 1216. "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro, 250 F.3d at 732 (citing Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988)).

///

///

Civil rights complaints are interpreted liberally in order to give *pro se* plaintiffs "the benefit of any doubt." Byrd, 885 F.3d at 642 (citations and internal quotation marks omitted). A *pro se* plaintiff, however, must still follow the rules of procedure that govern all litigants in federal court, including the Rule 8 requirement that a complaint minimally state a short and plain statement of a claim that is plausible on its face. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir.) (per curiam) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (citation omitted), cert. denied, 516 U.S. 838 (1995); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 954 (9th Cir. 2011) (en banc) ("[A] liberal interpretation of a ... civil rights complaint may not supply essential elements of [a] claim that were not initially pled.") (quoting Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992)) (quotation marks omitted; ellipses in original).

If a *pro se* complaint is dismissed because it does not state a viable claim, the court must freely grant "leave to amend" if it is "at all possible" that the plaintiff could fix the identified pleading errors by alleging different or new facts. Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted); Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc) (citations and internal quotation marks omitted). Nonetheless, courts have the discretion to deny leave to amend in cases of undue delay, bad faith, undue prejudice to the opposing party, and futility. See Foman v. Davis, 371 U.S. 178, 182 (1962); Cafasso, 637 F.3d at 1058 (citations omitted)

### III.

### DISCUSSION

Defendants move to dismiss to dismiss the complaint for failure to state a cognizable claim under the Eighth Amendment and failure to exhaust the administrative remedies.

**A.     Failure to Exhaust Administrative Remedies**

Defendants argue that it is clear on the face of the first amended complaint that Plaintiff failed to exhaust the administrative remedies when the exhibits of the administrative remedies referenced but not attached are reviewed.

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court may consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily

relies on them or the contents are sufficiently alleged, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001). Thus, the incorporation by reference doctrine allows a court "to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (quotations omitted).

Here, in the form complaint and in response to whether Plaintiff exhausted the administrative remedies, Plaintiff's checked the box "yes," and wrote (See Exhibits). (First Am. Compl. at 5.) However, the contents of the appeal was not alleged in the complaint, Plaintiff's complaint does not necessarily rely on them, and the inmate grievances are not matters of public record. Accordingly, the Court finds that the inmate appeals are not properly incorporated by reference. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010) ("[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document."). Therefore, Defendants' motion to dismiss the complaint for failure to exhaust the administrative remedies should be denied, and Defendants may raise the issue by way of motion for summary judgment, if so desired.

### B.     Failure to State a Cognizable Claim for Relief

Defendants contend that Plaintiff's Eighth Amendment claim fails because the first amended complaint does not sufficiently allege who he consulted Dr. Tate, who Dr. Tate was, and whether the medical symptoms persisted after the test of water. In addition, Defendants contend there are insufficient allegations to demonstrate that the water is currently contaminated, that Defendants knew of the water contamination, who conducted the water samples, and who provided the false water samples. Defendants further contend that the mere falsification of documents does not support a constitutional violation.

In the first amended complaint, Plaintiff alleges that on or about November 17, 2018, Plaintiff arrived at California Correctional Institution (CCI) in Tehachapi. After a few months of Plaintiff's arrival, he started to have extreme stomach pain. Plaintiff put in a medical slip to see the Licensed Vocational Nurse (LVN). Plaintiff was seen by the LVN and Plaintiff was prescribed medication to help with his stomach pain. After several months, Plaintiff broke out with a rash that caused puss and bleeding. Plaintiff's stomach pain was getting worse and he put in several medical requests with zero

1  results. Plaintiff filed a health care inmate grievance which was processed as a regular inmate
2  grievance. Twenty days after filing the inmate grievance, Plaintiff was slandered by correctional
3  officers.
4        On approximately August 3, 2019, Angel Ribera and Jerrick Block went to Plaintiff's cell to
5  test his water. Plaintiff was never told about the water levels or what is in the water. Plaintiff was
6  seen by Dr. H. Tate, and Plaintiff explained to him the pain and cramps in his stomach, as well as the
7  itchy bloody spots on his back and arms. Dr. Tate told Plaintiff that two years prior sewage ran from
8  the fields into the water and that was the cause of Plaintiff's skin and stomach pain. Angel Ribera and
9  Jerrick Block provided false water samples and are involved in a cover-up to hide the fact that CCI has
10 contaminated water.
11       Pursuant to Rule 12(b)(6), dismissal of a complaint is proper if the plaintiff fails to proffer
12 "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A
13 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
14 reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.
15 Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of
16 the elements of a cause of action will not do[,]" Twombly, 550 U.S. at 555, "[s]pecific facts are not
17 necessary; the [complaint] need only give the defendant[s] fair notice of what the ... claim is and the
18 grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and
19 internal quotation marks omitted). Pro se pleadings are "to be liberally construed" and are held to a
20 less stringent standard than those drafted by a lawyer. Id. at 94; see also Hebbe v. Pliler, 627 F.3d 338,
21 342 (9th Cir. 2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not alter
22 courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when
23 evaluating them under Iqbal.").
24       Contrary to Defendants' arguments, Plaintiff has alleged sufficient facts, which taken as true, to
25 support a plausible inference that Defendants knew of and disregarded a substantial risk to his health
26 by providing false water samples to hide the fact that the water at CCI is contaminated. Indeed, a
27 complaint does not require detailed factual allegations. Plaintiff has identified that the water is
28 allegedly contaminated, that Defendants allegedly tested the water and provided false results, and he

was thereby injured.  Thus, Plaintiff has provided a short and plain statement and additional facts and context can be developed during discovery.  While Plaintiff's allegations may be sparse, he has provided a short and plain statement as required by Rule 8.  At the pleading stage, Plaintiff's claim need only be plausible, not "likely to succeed" or "probable.   The complaint puts Defendants on sufficient notice of what they are alleged to have done and why those alleged acts violated Plaintiff's constitutional rights. Additional facts and context can be developed during discovery.  Whether Plaintiff will actually be able to prove the factual circumstances he alleges is a question that can be answered only after discovery.  Accordingly, Defendants' motion to dismiss this claim should be denied.[1]

## IV.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to dismiss the first amended complaint be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may

///

///

///

///

---

[1] Defense counsel is advised to exercise caution in filing future motions to dismiss after the Court has screened the complaint and found a cognizable claim without limitation as to how and why the screening order is incorrect.  A motion to dismiss is not proper to merely re-examine or disagree with the Court's screening order.  However, if issues are unaddressed or the Court erred in its screening order, a motion to dismiss would be a possible remedy.  If such is the case, a movant should pinpoint in the motion the specific error and the basis in law and not request that the whole action be re–examined. The standards of "notice pleading" is what governs this Court when screening a civil rights complaint.

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**March 15, 2021**__

UNITED STATES MAGISTRATE JUDGE