1
2
3
4
5
6
7

8                **UNITED STATES DISTRICT COURT**

9                **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| DANIEL L. SNOWDEN, | ) Case No.: 1:20-cv-00415-JLT-SAB (PC) |
| Plaintiff, | ) |
| | ) |
| v. | ) FINDINGS AND RECOMMENDATIONS |
| | ) REGARDING DEFENDANTS' MOTION FOR |
| W. SULLIVAN, *et al.*, | ) SUMMARY JUDGMENT |
| | ) |
| Defendants. | ) (ECF No. 33) |
| | ) |
| | ) |
| | ) |

Plaintiff Daniel L. Snowden is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' exhaustion-related motion for summary judgment, filed September 23, 2021.

## I.

## PROCEDURAL BACKGROUND

This action is proceeding on Plaintiff's first amended complaint against Defendants Angel Ribera and Jerrick Block for deliberate indifference in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on April 21, 2021.

On May 24, 2021, the Court issued the discovery and scheduling order.

1

On September 23, 2021, Defendants filed the instant motion for summary judgment for non-exhaustion of the administrative remedies.  (ECF No. 33.)  Although Plaintiff sought and received an extension of time to file an opposition, he failed to do so and the deadline has passed.  Accordingly, Defendants' motion for summary judgment is deemed submitted for review.  Local Rule 230(l).

## II.

## LEGAL STANDARD

### A.     Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions."  42 U.S.C. § 1997e(a); see also Ross v. Blake, 578 U.S. 632, 638 (2016) ("An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones.").   Exhaustion is mandatory unless unavailable.  "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance."  Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. at 741, and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).  "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."  Albino, 747 F.3d at 1166.  Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust.  Id.

### B.     Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the

2

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, although it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172.  If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  Id.  "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."  Id. at 1166.  However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts."  Id.

### III.

### DISCUSSION

**A.**     **Description of CDCR's Administrative Remedy Process**

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances.  Cal. Code Regs. tit. 15, § 3084.1 (2014).  Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010).

3

CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA).  Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event.  Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b).  The California Code of Regulations also requires the following:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue.  To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal.  If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal. Code Regs. tit. 15, § 3084.2(a)(3).[1]

### B.    Summary of Allegations Underlying Plaintiff's Claims

On or about November 17, 2018, Plaintiff arrived at California Correctional Institution (CCI) in Tehachapi.  After a few months of Plaintiff's arrival, he started to have extreme stomach pain. Plaintiff put in a medical slip to see the Licensed Vocational Nurse (LVN).  Plaintiff was seen by the LVN and Plaintiff was prescribed medication to help with his stomach pain.  After several months, Plaintiff broke out with a rash that caused puss and bleeding.  Plaintiff's stomach pain was getting worse and he put in several medical requests with zero results.

Plaintiff filed a health care inmate grievance which was processed as a regular inmate grievance.  Twenty days after filing the inmate grievance, Plaintiff was slandered by correctional officers.

On approximately August 3, 2019, Angel Ribera and Jerrick Block went to Plaintiff's cell to test his water.  Plaintiff was never told about the water levels or what is in the water.

---

[1] Effective June 1, 2020, the new rules are set out in Cal. Code Regs. tit. 15, §§ 3480–3486. For purposes of these Findings and Recommendations, all citations refer to the 2019 version of the regulations which were effective at the time relevant to Plaintiff's claims.

1   Plaintiff was seen by Dr. H. Tate, and Plaintiff explained to him the pain and cramps in his

2   stomach, as well as the itchy bloody spots on his back and arms.  Dr. Tate told Plaintiff that two years

3   prior sewage ran from the fields into the water and that was the cause of Plaintiff's skin and stomach

4   pain.

5   Angel Ribera and Jerrick Block provided false water samples and are involved in a cover-up to

6   hide the fact that CCI has contaminated water.

7   **C.      Statement of Undisputed Facts[2]**

8   1.      At all times relevant to this action, Plaintiff was a state prisoner in the custody of the

9   California Department of Corrections and Rehabilitation (CDCR) and incarcerated at California

10   Correctional Institution, Tehachapi (CCI).  (First Am. Compl. (FAC), ECF No. 10 at 11.)

11   2.      While at CCI, Plaintiff filed seven inmate appeals, three of which were filed in 2019.

12   (Stone Decl. ¶ 12, Ex. 3.)

13   3.      Of the appeals filed in 2019, only one relates to the water condition at CCI, which has

14   log number CCI-0-19-02427.  The other grievances deal with issues of classification, ventilation and

15   lighting.  (Stone Decl. ¶¶ 13, 14, Ex. 4.)

16   4.      Plaintiff filed appeal log number CCI-0-19-002427 on July 30, 2019, in which he

17   complained that he developed medical conditions—stomach pains and white spots on his skin—

18   because of the water in the cell and the dayroom shower.  (Stone Decl. ¶ 14, Ex. 4.)

19   5.      Defendant Ribera interviewed Plaintiff at the first level review, and Defendants

20   collected a water sample from Plaintiff's cell on August 13, 2019.  (Stone Decl. ¶ 14, Ex. 4; FAC at

21   12.)

22   6.      Plaintiff did not make any allegations against Defendants J. Block and A. Ribera in the

23   initial appeal log number CCI-0-19-02427.  Plaintiff submitted the grievance to the second level, and

24   in part D of the appeal to the second level, which asks inmates to explain why they are dissatisfied

25   with the first level response, Plaintiff implies that Defendants tried to hide that the water was

26   contaminated.  (Stone Decl. ¶¶ 14, 15, Exs. 4, 5.)

27

28   _____

[2] Hereinafter referred to as "UF."

7.      The second level did not address Plaintiff's allegation in part D.  After reviewing the available record and interviewing Plaintiff a second time, the second level review found that the water at CCI meets EPA standard, and granted Plaintiff's request to be provided with fresh and clean drinking and shower water.  (Stone Decl. ¶ 15, Ex. 5.)

8.      Plaintiff submitted an appeal of grievance log number CCI-0-19-02427 to the third level on October 24, 2019, and did not allege that Defendants falsified the water sample in deliberate indifference to Plaintiff's serious medical needs.  Under part F, which asks inmates to explain why they are dissatisfied with the second level response, Plaintiff does not reiterate that Defendants tried to hide that the water was contaminated.  (Moseley Decl. ¶¶ 6, 8, Exs. 1, 2.)

9.      Due to time constraints, the third level did not issue a decision, and the second level decision serves as the final decision.  (Moseley Decl. ¶ 9, Ex. 2.)

10.     Plaintiff has not submitted any appeals alleging that Defendants falsified water samples in deliberate indifference to his serious medical needs.  (Stone Decl. ¶¶ 13, 16, Ex. 3; Moseley Decl. ¶ 10, Ex. 1; Thai Decl. ¶¶ 4-5, Ex. 6.)

**D.      Analysis of Defendants' Motion**

Defendants argue that despite an available administrative grievance process, Plaintiff failed to properly exhaust his claims against Defendants because Plaintiff cannot expand the scope of the original grievance by adding new allegations which did not exist at the time of the original grievance.

As an initial matter, Defendants have satisfied their initial burden of proving that "there was an available administrative remedy, and that prisoner did not exhaust that available remedy." See Albino, 747 F.3d at 1172.  Plaintiff did not file an opposition and has not disputed that Defendants have met their initial burden of showing that an available administrative remedy exists.[3]  It is undisputed that while at CCI, Plaintiff filed seven inmate appeals, three of which were filed in 2019.  (UF 2.)  Of the appeals filed in 2019, only one relates to the water condition at CCI, which has log number CCI-0-19-02427.  The other grievances deal with issues of classification, ventilation and lighting.  (UF 3.)

---

[3] Indeed, in the first amended complaint, Plaintiff acknowledges the availability of an administrative procedure.  (ECF No. 10 at 5.)

6

Plaintiff filed appeal log number CCI-0-19-002427 on July 30, 2019, in which he complained that he developed medical conditions—stomach pains and white spots on his skin—because of the water in the cell and the dayroom shower.  (UF 4.)   Defendant Ribera interviewed Plaintiff at the first level review, and Defendants collected a water sample from Plaintiff's cell on August 13, 2019.  (UF 5.) Plaintiff did not make any allegations against Defendants J. Block and A. Ribera in the initial appeal log number CCI-0-19-02427.  Plaintiff submitted the grievance to the second level, and in part D of the appeal to the second level, which asks inmates to explain why they are dissatisfied with the first level response, Plaintiff implies that Defendants tried to hide that the water was contaminated.  (UF 6.) The second level did not address Plaintiff's allegation in part D.  After reviewing the available record and interviewing Plaintiff a second time, the second level review found that the water at CCI meets EPA standard, and granted Plaintiff's request to be provided with fresh and clean drinking and shower water.  (UF 7.)  Plaintiff submitted an appeal of grievance log number CCI-0-19-02427 to the third level on October 24, 2019, and did not allege that Defendants falsified the water sample in deliberate indifference to Plaintiff's serious medical needs.  Under part F, which asks inmates to explain why they are dissatisfied with the second level response, Plaintiff does not reiterate that Defendants tried to hide that the water was contaminated.  (UF 8.)  Due to time constraints, the third level did not issue a decision, and the second level decision serves as the final decision.  (UF 9.)  Plaintiff has not submitted any appeals alleging that Defendants falsified water samples in deliberate indifference to his serious medical needs.  (UF 10.)

Moreover, even if Plaintiff claims in a conclusory fashion that he raised such a claim in the second level of review, a new claim not previously presented at the first level of appeal is improper. See Cal Code Regs., tit. 15 § 3084.6(b)(16) (An appeal may be rejected if "[t]he appeal issue or complaint emphasis has been changed at some point in the process to the extent that the issue is entirely new, and the required lower levels of review and assessment have thereby been circumvented."); see also Cortinas v. Portillo, 754 Fed. App'x 525, 527 (9th Cir. 2018) (concluding that a claim against an appeals coordinator for cancellation was not exhausted because it was not raised in a separate administrative appeal); McCurdy v. Rivero, No. 17-01043-BLF, 2018 WL 4300521, at *3, 6-7 (N.D. Cal. Sept. 10, 2018) (plaintiff failed to exhaust a claim for improper

screening where the plaintiff's original administrative appeal mentioned neither the improper screening nor the screener); cf. <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1266 (9th Cir. 2009) (noting that prisoner had properly exhausted administrative remedies where he had filed a new administrative appeal regarding the appeals coordinator's actions on review).  Thus, the Court finds that Plaintiff's reliance on vague statements made after the appeal was initially filed are not sufficient to show that his deliberate indifference claim was exhausted.  Defendants' alleged misconduct did not occur until after Plaintiff filed his original appeal, when Defendants investigated Plaintiff's claim that the water was contaminated, and collected a water sample from Plaintiff's cell.  (UF 5.)  However, exhaustion is not satisfied if the allegations regarding the misconduct took place after the initial grievance, and the defendant is only named in subsequent appeals.  <u>See, e.g.</u>, <u>Nunez v. Porter</u>, No. 2:12-CV-2775 JAM KJN, 2015 WL 2345391, at *13 (E.D. Cal. May 14, 2015), report and recommendation adopted, No. 2:12-CV-2775 JAM KJN, 2015 WL 4132192 (E.D. Cal. July 9, 2015) ("[P]laintiff cannot challenge acts that took place after he filed a first level grievance in the second level appeal of that grievance"); <u>Blacher v. Johnson</u>, No. 1:12-CV-1159-GSA-PC, 2014 WL 1276485, at *2 (E.D. Cal. Mar. 27, 2014) (to properly exhaust administrative remedies, plaintiff must submit a new appeal after his claim against defendant arose); <u>Simpson v. Justin</u>, No. 2:12-CV-2135 JAM KJN, 2013 WL 3070625, at *4 (E.D. Cal. June 17, 2013) (plaintiff cannot expand the scope of the initial appeal by adding allegations in his second level review).  In addition, and of significance, Plaintiff *did not* complain that Defendants Angel Ribera and Jerrick tried to hide that the water was contaminated to the third and final level of review.  Accordingly, Defendants' motion for summary judgment should be granted and the instant action should be dismissed, without prejudice.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Defendants' motion for summary judgment be granted; and

2.      The instant action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 5, 2022**

UNITED STATES MAGISTRATE JUDGE