UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL L. SNOWDEN,<br><br>             Plaintiff,<br><br>      v.<br><br>W. SULLIVAN, *et al.*,<br><br>             Defendants. | Case No.: 1:20-cv-0415 JLT SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, AND GRANTING MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST<br><br>(Docs. 33, 39) |

   Daniel Snowden seeks to hold the defendants liable for deliberate indifference in violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983.  (*See* Doc. 10.)  Defendants filed a motion for summary judgment, asserting Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act.  (Doc. 33.)  Plaintiff did not respond to the motion.

   The assigned magistrate judge found the CDCR had an administrative grievance process available to Plaintiff, but Plaintiff failed to exhaust his claims through the administrative process prior to filing suit.  (Doc. 39 at 6-8.)  The magistrate judge recommended the motion for summary judgment be granted, and the action be dismissed without prejudice.  (*Id.* at 8.)  On May 2, 2022, Plaintiff filed objections to the Findings and Recommendations in which he asserted— for the first time—that he submitted several grievances which were "thrown away" or "never answered."  (*Id.* Doc. 41 at 2.)

   Courts employ a burden-shifting regime to determine whether a defendant has proven that a plaintiff failed to exhaust administrative remedies. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir.

1

2015).  First, the defendant must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.*  Second, "the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*  An existing administrative remedy may be unavailable when (1) it "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes ... incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 136 S. Ct. 1850, 1859-60 (2016).  The ultimate burden of proof ... remains with the defendants." *Williams*, 775 F.3d at 1191.

A plaintiff will not satisfy his burden with generalized, conclusory statements that administrative remedies were unavailable. *See McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015); *cf. Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 793 (9th Cir. 2018) ("If the appellees in this case had alleged only general and unsubstantiated fears about possible retaliation ... we would not hold that they had not exhausted their administrative remedies.").  Plaintiff's statements in his objections that he filed grievances, which were destroyed, does not satisfy his burden of proof on summary judgment.  *See, e.g., Jeffries v. Fields*, No. CV 12-1351 R (JC), 2014 WL 994908, at *18 (C.D. Cal. Mar. 10, 2014) (holding the plaintiff's conclusory assertion that officials tampered with his grievance "insufficient to demonstrate that ... prison officials ... rendered further administrative remedies unavailable").

According to 28 U.S.C. § 636 (b)(1)(C) *and Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this Court conducted a *de novo* review of the case.  Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued April 5, 2022 (Doc. 39) are **ADOPTED**.
2. Defendants' motion for summary judgment (Doc. 33) is **GRANTED**.
3. Defendants' motion for summary judgment filed May 19, 2022 (Doc. 42) is terminated as moot.

4. This case is **DISMISSED** without prejudice.

5. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: __**May 22, 2022**__                                        _Jennifer L. Thurston_
                                                                                    UNITED STATES DISTRICT JUDGE